# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS DAVIS,** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-12670** |
| **NATIONAL INTERSTATE INSURANCE CO., ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Thomas Davis's ("Davis") motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is denied.

### I.

This case arises out of a motor vehicle accident involving Davis that occurred on July 21, 2018.[2] On January 31, 2019, Davis filed suit in the Civil District Court for the Parish of Orleans against defendants National Interstate Insurance Company ("National Insurance"), Samson Tours, Inc. ("Samson Tours"), Willie Spencer ("Spencer"), Courtyard Management Corporation ("Courtyard"), and Marriott International, Inc. ("Marriott"), alleging that he sustained damages as a result of automobile accidents that took place on July 14, 2018 and July 21, 2018.[3] On February 16, 2019, Davis's counsel informed counsel for defendants in this matter

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 6-1, at 3.
[3] *Id.* at 1–2; No. 19-1507, R. Doc. No. 1.

that Davis was a candidate for a spinal cord stimulator trial.[4] On February 18, 2019, defendants timely removed the case to federal court.[5]

On July 22, 2019, defendants National Insurance, Samson Tours, and Spencer filed a motion to sever Davis's claims against them with respect to the July 21, 2018 automobile accident from Davis's claims against Courtyard and Marriott with respect to the July 14, 2018 automobile accident.[6] Courtyard and Marriott joined the motion.[7] United States District Judge Eldon Fallon granted the motion to sever on August 30, 2019, and ordered Davis to file separate amended complaints for each accident.[8] Davis's amended complaint alleging damages as a result of the July 21, 2018 automobile accident was alloted to this section.

Davis filed the instant motion and argues that although he consented to the removal of the original complaint against all five defendants, the damages arising out of the July 21, 2018 automobile accident do not meet the amount in controversy threshold.[9] Therefore, Davis argues, this Court lacks subject matter jurisdiction and must remand the case to the Civil District Court for the Parish of Orleans.[10]

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

---

[4] R. Doc. No. 10, at 2; No. 19-1507, R. Doc. No. 1-2.
[5] No. 19-1507, R. Doc. No. 1.
[6] No. 19-1507, R. Doc. No. 17.
[7] No. 19-1507, R. Doc. No. 18.
[8] No. 19-1507, R. Doc. No. 31.
[9] R. Doc. No. 6-1, at 2, 4.
[10] *Id.*

district and division embracing the place where such action is pending," unless Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. American Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Smith v. Bank of America Corp.*, 605 F. App'x 311, 313–14 (5th Cir. 2015) (quoting *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. It is uncontested that the parties are completely diverse as Davis is a Louisiana citizen, National Insurance has its principal place of business in Ohio, and both Samson Tours and Spencer are citizens of Georgia.[11] However, Davis argues that the amount in controversy falls short of the jurisdictional threshold of $75,000.[12]

When faced with an amount-in-controversy dispute, the applicable standard of proof depends on whether the plaintiff's state court petition alleges a specific dollar amount in damages. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the petition alleges a specific amount and that amount exceeds $75,000, such

---

[11] No. 19-1507, R. Doc. No. 1, at ¶¶ 5–6.
[12] R. Doc. No. 6-1, at 6.

amount "controls in good faith." *Id*. "In order for the court to refuse jurisdiction, 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1983)).

However, in cases such as this one where the petition does not specify a damages amount, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[13] *Id*. "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citations omitted). Once the defendant has met his burden, the plaintiff can only defeat jurisdiction by "showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar*, 47 F.3d at 1412).[14]

---

[13] Under Louisiana law, a plaintiff may not petition for a specific monetary amount. La. Code Civ. P. art. 893(A)(1).

[14] The Fifth Circuit has emphasized that this analysis is not a burden-shifting exercise. *Grant*, 290 F.3d at 869. "[R]ather, 'the plaintiff must make all information known at the time he files the complaint.'" *Id.* (quoting *De Aguilar*, 47 F.3d at 1412). A plaintiff may establish legal certainty "in various ways." *De Aguilar*, 47 F.3d at 1412. For example, "[p]laintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (quoting *De Aguilar*, 47 F.3d at 1412).

4

## II.

First, it is not facially apparent from the face of the state court petition that Davis's damages are likely to exceed $75,000: the allegations in the petition are too few and too vague. The original petition lists Davis's claimed damages, including "[p]ast, present, and future medical expenses," but neither the extent nor severity of Davis's injuries are described, and there is no indication that Davis has either undergone surgery or that any particular treatment has been recommended.[15] *See Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30, 2002) (Vance, J.) (granting the plaintiff's motion to remand and noting that the plaintiff did not allege "required surgery" or mention any "period of hospitalization"); *Touchet v. Union Oil Co. of Cal.*, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) (Sear, J.) ("The plaintiffs allege[ ], without specificity, injuries to his 'neck, back, and other parts of his body.' There is nothing in the petition to suggest the level of severity of these alleged injuries."); *Vaughn v. Todd*, 71 F. Supp. 2d 570, 572 (E.D. La. 1999) (Fallon, J.) (holding that remand was proper based on a jurisdictional amount inquiry, in part because, "[w]hile the plaintiffs' list [of claims] is extensive, there is no evidence as to the *nature or extent* of any of the claims") (emphasis added). On the basis of the petition alone, the Court cannot conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs.

Because the petition fails the facially apparent test, the Court must consider whether the defendants have set forth facts in controversy that nonetheless support

---

[15] R. Doc. No. 1-3, at 4.

5

a finding of the requisite jurisdictional amount. *Allen*, 63 F.3d at 1335. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper.'" 28 U.S.C. § 1446(c)(3)(A).

The defendants argue that an email from plaintiff's counsel to defense counsel indicating that Davis was a candidate for a spinal cord stimulator trial supports a finding that the amount in controversy exceeds $75,000, because Louisiana courts routinely award damages well in excess of $75,000 to plaintiffs who undergo implantation of a spinal cord stimulator.[16] Defendants further argue that the email obtained via subpoena from Davis's doctor to plaintiff's counsel confirms this finding.[17]

Plaintiff's counsel first notified defense counsel that Davis was a candidate for a spinal cord stimulator trial on February 16, 2019.[18] Defendants removed the

---

[16] R. Doc. No. 10, at 3 n.1.
[17] *Id.* at 4.
[18] No. 19-1507, R. Doc. No. 1-2, at ¶ 11.

6

original case to federal court two days later.[19] Defense counsel subsequently obtained via subpoena an email from Davis's doctor to Davis's counsel that states that the cost of the spinal cord treatment would be $77,990.[20]

Davis argues that it is not facially apparent from the face of the state court petition that the damages are likely to exceed $75,000 and that the defendants have failed to set forth summary judgment type evidence that the amount in controversy exceeds $75,000.[21] Davis further argues that "defendants acknowledge that the plaintiff was involved in two motor vehicle accidents . . . with overlapping injuries and treatment" and, therefore, defendants cannot establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[22] Plaintiff does not address the recommendation from Davis's doctor that he participate in a spinal cord stimulator trial or the email from Davis's doctor that such treatment would cost $77,990.

As stated previously, jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. American Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). The email from plaintiff's counsel to defense counsel indicating

---

[19] No. 19-1507, R. Doc. No. 1-2.
[20] R. Doc. No. 10-8. In an email from Davis's doctor to Davis's counsel, Davis's doctor indicates that the treatment will be scheduled pending approval. *Id.* The email is dated November 21, 2018, well before plaintiff's counsel notified defense counsel that Davis was recommended to participate in a spinal cord stimulator trial. *Id.*
[21] R. Doc. No. 6-1, at 5.
[22] *Id.* at 6. Davis also argues that his original petition states that "his individual damages do not exceed the specific amount of damages necessary to establish the right to a jury trial." *Id.* at 5. However, Davis's original petition actually states that "his individual damages *may* exceed the specific amount of damages necessary to establish the right to a jury trial." R. Doc. No. 1-3, at ¶ 5 (emphasis added).

7

that Davis was a candidate for spinal cord treatment was an "other paper" for purposes of 28 U.S.C. § 1446(b)(3) from which the defendants could first ascertain that the amount in controversy exceeded $75,000. Defendants filed their notice of removal two days after receipt of this email, within the thirty-day time period set out in § 1446(b)(3).

While it may be true that the July 14, 2018 accident and July 21, 2018 accident caused "overlapping injuries and treatment," Davis has not shown to a legal certainty that the amount in controversy for his claims arising solely from the July 21, 2018 accident does not exceed $75,000. *See Grant*, 309 F.3d at 869. For example, Davis does not argue or offer any evidence to support a claim that only the July 14, 2018 accident necessitated the spinal cord stimulator trial.

### III.

Accordingly,

**IT IS ORDERED** that Davis's motion to remand is **DENIED.**

New Orleans, Louisiana, October 31, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**